FILED
2/25/20 1:14 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| SETH ADAM VANDERHOOF, | : | Case No. 20-10134-TPA |
| *Debtor.* | : | Chapter 7 |
| | : | Related to Doc No. 4 |
| | : | Hearing: March 12, 2020 at 10:30 AM. |

### ORDER TO SHOW CAUSE

On February 20, 2020, the Debtor filed a statement which the Court has deemed a ***Certification of Exigent Circumstances that Merits a Waiver from Complying with the Credit Counseling Requirement*** ("Certification") (Doc. 4). According to the *Certification*, the Debtor is requesting a temporary waiver of the credit counseling briefing required by *11 U.S.C. § 109(h)(1)*, due to a lack of time to complete the course.

The Bankruptcy Code contains a requirement for debtors to complete a briefing from an approved credit counseling agency during the 180-day period ending on the date of filing. *11 U.S.C. § 109(h)(1)*. *Section 109(h)(3)(A)* allows for a temporary waiver of the credit counseling requirement so long as the debtor files a certification indicating: (1) exigent circumstances exist; (2) the debtor requested counseling from a non-profit provider but could not receive it for 7 days after that request was made; and (3) the above is satisfactory to the Court. If a temporary waiver of the credit counseling requirement is granted, under *11 U.S.C. § 109(h)(3)(B)* the temporary waiver may not extend past thirty days after the petition is filed, unless the Court extends it an additional fifteen days for cause.

The Debtor's stated excuse of lack of time, without further explanation of the immediate need for filing without first completing the course, does not appear to meet the standards

1

for a temporary waiver of the credit counseling requirement under *11 U.S.C. § 109(h)(1)*. However, before finally deciding the matter, the Court will allow the Debtor an opportunity to further explain his failure to comply with *11 U.S.C. §109(h)(1)*.

**AND NOW,** this *25th* day of *February 2020*, for the foregoing reasons it is hereby **ORDERED, ADJUDGED and DECREED** that an *Order to Show Cause* is issued against the Debtor, ***Seth Adam Vanderhoof***, to ***personally appear*** at a hearing scheduled for ***March 12, 2020 at 10:30 A.M.*** in the Erie Bankruptcy Courtroom, U.S. Courthouse, 17 South Park Row, Erie, PA 16501 to show cause why his case should not be dismissed for failing to comply with the Bankruptcy Code's credit counseling requirement found in *11 U.S.C. § 109(h)(1)*.

_____
Thomas P. Agresti, Judge
United States Bankruptcy Court

Case administrator to serve:
    Debtor
    Ronda Winnecour, Chapter 13 Trustee
    Office of the U.S. Trustee

United States Bankruptcy Court
Western District of Pennsylvania

In re:  
Seth Adam Vanderhoof  
     Debtor

Case No. 20-10134-TPA  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 0315-1     User: jmar     Page 1 of 1     Date Rcvd: Feb 25, 2020  
                 Form ID: pdf900     Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Feb 27, 2020.  
db           +Seth Adam Vanderhoof,    19466 Elgin Rd.,    Corry, PA 16407-7324

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                  TOTAL: 0

           ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                     TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Feb 27, 2020                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on February 25, 2020 at the address(es) listed below:  
              Joseph B. Spero     sperolaw@neohio.twcbc.com,    jspero@ecf.axosfs.com;legalmom18@hotmail.com  
              Office of the United States Trustee     ustpregion03.pi.ecf@usdoj.gov  
                                                                                                                  TOTAL: 2